In The United States District Court
For The Middle District of Alabama
Northern Division

Rodney D. Alverson #132431,
    Plaintiff

V.

Warden Crow;
Warden Boyd;
Kim Thomas,
    Defendants

Civil Action Number:
2:14-CV-729-WKW
To be Supplied by Clerk

DEMAND FOR JURY TRIAL

## I. Jurisdiction:

1. This is a Civil Action brought by the plaintiff pursuant to 42 U.S.C § 1983 to redress the wrongs done to the plaintiff by the defendants whom acted under Color of State law and whom violated the plaintiff's rights guaranteed by the United States Constitution.

## II. Plaintiff:

2. Plaintiff Rodney D. Alverson #132431 is a State of Alabama prison inmate and currently confined at the Draper Correctional facility, located at 2828 Alabama Hwy 143, Elmore, Alabama 36025

(1)

## III. Defendants:

3. Defendant Warden Crow is employed by the Alabama Department of Corrections, he currently assigned to the Draper Correctional facility and is acting as deputy Warden, he is also currently responsiable for the safty and welfare of all of the inmate's confined at the Draper Correctional facility, he is located at 2828 Alabama Hwy 143 Elmore Alabama 36025.

4. Defendant Warden Boyd is employed by the Alabama Department of Corrections, he is currently assigned to the Draper Correctional facility and is acting Warden of that facility, he is also liable for the action's of deputy Warden Boyd and is also responsiable for the inmate's safty and welfar of that facility, he is located at 2828 Alabama Hwy 143, Elmore Alabama 36025.

5. Defendant Kim Thomas is currently employed by the Alabama Department of Corrections and is also employed as Prison Commissioner, he is also legally responsiable for the action's of all Warden's and deputy Warden's that are under his controll and are employed by the Alabama Department of Corrections, and is also responsiable for the safty and welfare of all inmate's confined at the Draper

②

Correctional facility, he is currently located at 301 South Ripley St, Montgomery, Alabama 36130.

## IV. Facts:

6. In the first week of July 2014 the plaintiff filed a Civil Action against these same named defendants and others see 2:14-CV-648-WKW

7. On July 2nd 2014 the plaintiff sent a copy of that Complaint along with a letter to Warden Crow informing him that the Civil Action had been filed.

8. Plaintiff also sent defendants Warden Boyd and Kim Thomas similar letters.

9. On July 3rd 2014 defendant Warden Crow had instructed and ordered LT. Philause to have plaintiff served a Behavior Citation and placed in a disciplinary Dorm for insubordination, but for why was never explained.

10. On July 11th 2014 plaintiff was placed into D-dorm and served a Behavior Citation and was charged with insubordination but was never informed why other than it concerned the Complaint and letter plaintiff had sent to Warden Crow on July 2nd 2014.

11. On July 3rd 2014, in case 2:14-CV-648-WKW, this

(3)

Honorable Court ordered the plaintiff to send to the defendant anything if no attorney has made an apperance. (Doc. 4)

12. On or about July 13th 2014, plaintiff sent a copy of an Amended Motion for preliminary injunction to defendant Warden Crow, to comply with this Honorable Court's order in the foresaid case (Doc. 4.)

13. On July 16th 2014, defendant Crow had the plaintiff wrote up as an Major disciplinary for insubordination for plaintiff obeying this Court's order and sending defendant Crow a copy of the Amended Motion for preliminary injunction.

14. Defendant Warden Crow had the plaintiff wrote up with a Behavior Citation and along with a Disciplinary out of retaliation for the plaintiff's fileing of Case 2:14-CV-648-WKW

15. Because plaintiff filed that Civil Action against defendant Crow, defendant Crow has ordered:
A. that the plaintiff be placed into a disciplinary dorm.
B. that plaintiff be placed on the farm when no job change was recomended.
C. that plaintiff loose all privilages that the general population inmates have such as:

(4)

1. Access to the law library.
2. Retain all personal property.
3. Oppertunety to watch T.V and lissen to his personal radio.
4. An Oppertunity to mingle with the inmate general population.
5. An Oppertunity to attend Church services with other inmates or at all.

16. According to the Behavior Cetatein, plaintiff was only to loose. (1) Canteen privileges for 30 days, (2) telephone privileges for 30 days and (3) visiding privileges for 30 days.

17. Defendant Crow alleges that the disciplinary actions against the plaintiff for insubordination were based on that the letter plaintiff sent to defendant Crow stated he was currupt and a lier.

18. This is every day comomon everyday language also legally used in a Court of law, this is just an excuse by defendant Crow in order to retaliate against the plaintiff for fileing the foresaid case and violates the plaintiffs rights of the United States Constitution.

19. Plaintiff has also been made aware that defendant Crow out of retailiateon will make the plaintiff remain more than 30 days in the desciplenary dorm consideriny the plaintiff was

placed in said dorm on July 11th 2014 because plaintiff filed the foresaid Civil Action against him.

20. Plaintiff has wrote letters to both defendants Boyd and Thomas about defendant's Crow's foresaid actions and knowing that they are illegal, they refuse to respond or take any action to correct them, therefore they approve of them and make themselfs responsiable by takeing part in this retailiation.

## V. Legal Claims:

21. The defendant's taking disciplinary action against the plaintiff because plaintiff sent to defendant Crow a copy of a Civil Action along with a letter which is protected by the 1st Amendment and protected by plaintiff's freedom of speech denies plaintiff adequate meaningfull access to the Courts and denies plaintiff's right to ~~redress~~ petition the Courts for redress of grievances which is protected by the 1st Amendment to the United States Constitution. The letter and its language in conjunction with the Complaint plaintiff sent to defendant Crow are to be considered (Legal documents) which is protected by the 1st Amendment to the United States Constitution and therefore the defendant's retailiating against the plaintiff fore the language within the

(6)

foresaid letter and complaint and taking any desciplinary action against the plaintiff does violate the plaintiffs 1st and 8th and 14th Amendment rights to the United States Constitution and also violates the Due Process and Equal protection Clauses of the 14th Amendment to the United States Constitution.

22. The defendants retailiated against the plaintiff because plaintiff obayed this Honorable Court's order (Doc 4) in the foresaid case by sending to defendant Crow a copy of a Motion to be filed in the foresaid Case and thereto wrote plaintiff an Major desciplinary for insubordinaton on July 16th 2014, plaintiff went to desciplinary Court on July 28th 2014 and was found guilty and all actions were approved on July 30th 2014 based on all this, plaintiff attacked this with an request for an preliminary injuncteon in this foresaid case. However on August 1st 2014 this disciplinary was removed from plaintiffs prison file, or he assumes so, even as such, it's the defendants Crows actions that he was retailating against plaintiff by ordering plaintiff to be wrote this desciplinary and haveing the plaintiff go thru the trouble defending against it, this does Denie plaintiff adequate meaningfull access to the Courts and deprives the plaintiff of his

(7)

rights to petition the Courts for redress of any grievances all in violation of the plaintiffs 1st Amendment rights to the United States Constitution it also is in violation of the plaintiffs Due Process rights and Equal Protection rights of the 14th Amendment to the United States Constitution.

## VI. Relief Sought:

Wherefore plaintiff Respectfully Prays that this Most Honorable Court will grant plaintiff the following relief:

23. Punitive damages in amount of $250,000.00 two hundred fifty thousand dollars from each defendant separtely and severally.

24. Compentsory damages in amount of $250,000.00 two hundred fifty thousand dollars from each defendant separtely and severally.

25. A trial by jury on all issues triable by jury

26. And such other end relief deemed just and proper in this case and cause.

27. Each defendant is being sued indiviadully and in thier official capacity whom acted under color of state law.

Dated: August 4th 2014     Respectfully Submitted
                           by x Rodney Alverson
                              plaintiff

## Verification

I the plaintiff Rodney Alverson #132431, the undersigned, do hereby state that I have read the foregoing complaint, and state that each matter therein is true and correct under the penalty of perjury.

Respectfully Submitted
by x Rodney Alverson 132431
plaintiff

Rodney Alverson
AIS#132431  D-6A
DCC
328 Alabama Hwy 143
Elmore, Alabama
36025

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication"



MONTGOMERY
04 AUG 2014

Clerks Office
The United States District Court
The Middle District of Alabama
P.O. Box 711
Montgomery, Alabama
36101-0711

3610107i111